**UNITED STATES COURT OF APPEALS**

Filed 9/26/96

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,    )
    )
    Plaintiff-Appellee,    )
    )
    v.    )    No. 95-3233
    )    (D.C. No. 91-CR-20077)
LARRY A. COOK,    )    (D. Kansas)
    )
    Defendant-Appellant.    )

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL, LOGAN** and **BRISCOE**, Circuit Judges.

---

Defendant Larry A. Cook appeals from the district court's resentencing after remand, on defendant's conviction for distributing methamphetamine, in violation of 21 U.S.C. § 841(a). The only issue on appeal is whether the district court correctly applied the Sentencing Guidelines in treating *d,l*-methamphetamine hydrochloride as pure methamphetamine.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

We review a district court's application of the Guidelines de novo, and its findings of fact for clear error. United States v. McAlpine, 32 F.3d 484, 487-88 (10th Cir.), cert. denied, 115 S. Ct. 610 (1994). The underlying facts appear in our opinion remanding for resentencing, United States v. Cook, 49 F.3d 663 (10th Cir. 1995); we do not repeat them here. We directed the district court to make a determination, after taking expert testimony and other evidence, as to the chemical qualities of *d,l*-methamphetamine for purposes of applying the Sentencing Guidelines.[1] Under the Guidelines applicable to this case sentencing for *d*-methamphetamine was substantially more severe than that for *l*-metham- phetamine, and the Guidelines did not address *d,l*-methamphetamine.[2]

The district court found the expert testimony from both parties to be largely consistent. The court concluded that *d*- and *l*-methamphetamine are molecularly different substances and that *d,l*-methamphetamine "is the hydrochloride salt form of the racemic mixture of the d and l isomers of methamphetamine" and is composed of equal amounts of the *d*- and *l*- form of methamphetamine. United States v. Cook, 891 F. Supp. 572, 573 (D. Kan. 1995). The court further noted that "defendant's expert gave testimony that if

---

[1] We also requested the parties to brief whether defendant timely filed his notice of appeal. The district court filed a memorandum and order on July 3, 1995, regarding resentencing and made factual findings in response to our remand order. Defendant filed a notice of appeal on July 14, 1995. The district court, however, did not enter its judgment and commitment order until August 4, 1995. Thus, under Fed. R. App. P. 4(b), the notice of appeal ripened, and we treat the appeal as timely.

[2] A 1995 amendment, #518, resolves this issue for all future cases, treating alike all forms of methamphetamine.

the definition of methamphetamine includes 'its salts, its isomers and salts of isomers' that *d,l*-methamphetamine would come within the definition of methamphetamine." Id. at 573-74. It concluded that *d,l*-methamphetamine was not a third form of methamphetamine, but the mixture of *d*- and *l*-methamphetamine produced as a consequence of the phenyl-2-propanone (p2p) method of methamphetamine production. Id. at 573.

The court reasoned from the expert testimony and from United States v. Decker, 55 F.3d 1509 (10th Cir. 1995), decided after our remand order, that *l*-methamphetamine is an isomer of methamphetamine and should be added to the *d*-methamphetamine weight. It thus added together the weight of *l*-methamphetamine (66.1 grams) and *d*-methamphetamine (66.1 grams) for a total of 132.2 grams;[3] this equated to a base offense level of 32. USSG § 2D1.1(c)(6). Defendant's adjusted offense level of 29 resulted in a sentencing range of eighty-seven to one hundred eight months; the court gave defendant an eighty-seven-month sentence.

We agree with the government that this case is controlled by Decker and that the district court correctly applied the Guidelines in treating *d,l*-methamphetamine as pure methamphetamine. Although Decker implicitly assumed that *d,l*-methamphetamine is a third form of methamphetamine--contrary to the district court's finding in the instant case--it correctly treated *l*-methamphetamine as an isomer of *d*-methamphetamine under

---

[3] The government recovered 440.7 net grams of *d,l*-methamphetamine hydrochloride at a strength of 30%. This equates to 132.2 grams of *d,l*-methamphetamine.

3

the schedule.  USSG § 2D1.1, comment. (n.5) ("a particular controlled substance . . . includes all salts, isomers, and all salts of isomers"); <u>Decker</u>, 55 F.3d at 1512; 21 C.F.R. § 1308.12(d)(2).  Therefore, the district court in the instant case properly treated the total *d,l*-methamphetamine weight as *d*-methamphetamine for a base offense level of 32.

This conclusion disposes of defendant's argument that the second sentence of  note * to USSG § 2D1.1(c) (that was not specifically applied in <u>Decker</u> but would not have altered that result), requires a base offense level of 28.  Because after <u>Decker</u> we treat *d,l*-methamphetamine as "pure methamphetamine," even the methamphetamine-specific portion of note * compels a base offense level of 32.

AFFIRMED.

Entered for the Court

James K. Logan
Circuit Judge

4